IN THE UNITED STATE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Hook-N-Haul, LLC : | |
| c/o Law Office of Josh Brown LLC : | Case No. |
| 3979 Main Street : | |
| Hilliard, OH 43026, : | Judge |
| : | |
| Plaintiff, : | Jury Demand Included |
| : | |
| v. : | |
| : | |
| United Specialty Insurance Company : | |
| 1900 L. Don Dobson Drive : | |
| Bedford, TX 76021, : | |
| : | |
| Defendant, : | |
| : | |
| John Doe, : | |
| Unknown Trailer Owner, : | |
| : | |
| Defendant. : | |
| : | |
| <u>Also Serve</u>: : | |
| CT Corporation System : | |
| 4400 Easton Commons Way, Suite 125 : | |
| Columbus, OH 43219 : | |
| Ohio Service Agent for : | |
| United Specialty Insurance Company : | |
| : | |
| National Registered Agents, Inc. : | |
| 1209 Orange Street : | |
| Wilmington, DE 19801 : | |
| Delaware Service Agent for : | |
| United Specialty Insurance Company : | |

VERIFIED COMPLAINT

For its Complaint against Defendant, Plaintiff states as follows:

I. PARTIES

1. Plaintiff Hook-N-Haul, LLC is an Ohio limited liability company, incorporated under the laws of the State of Ohio, whose primary place of business is Medina County, Ohio. Plaintiff's primary business is large vehicle recovery and towing.

2. Defendant United Specialty Insurance Company is a corporation, incorporated under the laws of the State of Delaware, whose "principle office" is at Bedford, Texas according to the Ohio Secretary of State's foreign corporation registration records.

3. John Doe is an unknown owner of a trailer insured by Defendant United Specialty.

II. JURISDICTION & VENUE

4. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy approximately $313,843.33 plus interest and expenses, which exceeds $75,000.00, excluding interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and a substantial part of the property at issue is situated in this district. This case involves collection of money owed for recovery and tow of roadside vehicles due to an accident. The accident and all work performed by Plaintiff occurred in this district. The property recovered from the accident is located at Plaintiff's facility in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(3) because Defendant United Specialty Insurance Company is subject to this Court's personal jurisdiction with respect to this action and there is no other district where the suit may be brought.

III. STATEMENT OF FACTS

7. On March 19, 2021, Plaintiff received a call asking the company to assist with a large hauling trailer which was on fire on Route 71, south bound, near mile marker 220, in Medina County, Ohio.

8. Plaintiff sent its Owner Bryan Whittenberger and five (5) employees to the scene.

9. When Plaintiff's team arrived at the scene, there was no truck or driver, but the fiery trailer remained.

10. Whittenberger attempted to call the owner of the trailer, to become aware of any hazards in the trailer. He was unable to do so.

11. The local fire department was on the scene and working to put out the flames.

12. The fire department asked Plaintiff's employee to lift out two (2) steel coils that were preventing the fire department from accessing other hot spots in the trailer.

13. Plaintiff was able to lift the coils, using Plaintiff's chains and equipment.

14. The heat compromised the chains, thus rendering them useless for future

use.

15. After the fire department subsided the flames, Plaintiff was asked to remove the trailer from the highway.

16. The trailer was beyond repair and unusable. Thus, Plaintiff's employees had to use a chop saw to cut the trailer into pieces and haul the pieces.

17. The employees had to stabilize the front end of the trailer to prevent it from falling and injuring other laborers.

18. The employees also had to recover pieces of the trailer which were hanging over the nearby guardrail and laying over the embankment.

19. The employees used a rotator to contain the contents in the trailer for transport.

20. After the employees lifted the trailer, the employees found the tops of the guardrail posts were on fire and burning.

21. The employees then loaded front half of trailer onto crash cart for transport. The rear section was loaded onto flatbed for transport. The trailer's front and rear section were transported to storage facility. The employees used a tractor and landoll to haul skid steer, attachments and dumpster; they used a dumpster to transport and contain all debris left after burn trailer was removed; they used skid steer and bucket to scrape ashes and melted aluminum from roadway; they used skid steer and forks to lift the balance of walls, doors, load contents.

22. Plaintiff then re-loaded Plaintiff's equipment, broom swept the area of the scene to ensure no hazardous debris was left, cleared scene.

23. The employees used a service Van to escort the employees.

24. The remnants of the trailer are stored by Plaintiff.

25. The invoice for Plaintiff's services, as explained above, is attached as Exhibit A.

## COUNT ONE: UNJUST ENRICHMENT

26. Plaintiff incorporates the preceding as if fully restated herein.

27. In Ohio, unjust enrichment occurs "when a party retains money or benefits which in justice and equity belong to another." *Liberty Mut. Ins. Co. v. Indus. Comm'n of Ohio*, 40 Ohio St.3d 109, 111, 532 N.E.2d 124 (1988). To recover on a claim of unjust enrichment, a party must show: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984).

28. Here, Plaintiff conferred the benefit of the services explained in the Statement of Facts above.

29. Defendant has knowledge of the benefits conferred by the Plaintiff because the Plaintiff sent Defendant the invoice attached as Exhibit A. Defendant was responsible to move its vehicle of the road. Plaintiff provided that service.

30. By failing to pay for the benefits conferred, Defendant has retained the benefit without payment.

31. For the unjust enrichment, Plaintiff is damaged in the amount of $313,843.33 plus expenses and interest.

## COUNT TWO: QUANTUM MERUIT

32. Plaintiff incorporates the preceding as if fully restated herein.

33. Claims for quantum meruit and unjust enrichment are equitable claims based on quasi-contract and their elements are identical.  See *City of Akron v. Baum*, 9th Dist. Summit No. 29882, 2021-Ohio-4150, ¶ 17.

34. "The doctrines differ with respect to the calculation of damages—damages for unjust enrichment are 'the amount the defendant benefited,' while damages for quantum meruit are 'the measure of the value of the plaintiff's services, less any damages suffered by the other party.' " *U.S. Health Practices, Inc. v. Blake*, 10th Dist. Franklin No. 00AP-1002, 2001 Ohio App. LEXIS 1291, *5 (Mar. 22, 2001).

35. For the reasons stated above, Defendant is liable for both unjust enrichment and quantum meruit.

## COUNT THREE: VIOLATION R.C. 4513.70
Against United Specialty Insurance Company

36. Plaintiff incorporates the preceding as if fully restated herein.

37. R.C. 4513.70 requires insurance to pay the uncontested portion of the bill and follow a certain procedure.

38. The Defendant has not followed this procedure.

39. For its failure to follow R.C. 4513.70, Plaintiff is damaged in the amount of the uncontested amount owed to Plaintiff, plus expenses and interest.

IV. REQUEST FOR RELIEF

Plaintiffs respectfully request the Court order Defendants to pay Plaintiff money owed to it for its services, and any other relief the Court deems appropriate.

V. JURY DEMAND

Plaintiff demands trial by jury.

February 27, 2023                                  Respectfully Submitted,

/s/ Joshua J. Brown
Joshua J. Brown (0089836)
Attorney at Law
3979 Main Street
Hilliard, OH 43026
P: (614) 284-4394
F: (614) 388-3947
josh@joshbrownesq.com
Attorney for Plaintiff

IN THE UNITED STATE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Hook-N-Haul, LLC, | : | |
| | : | Case No. |
| Plaintiffs, | : | |
| | : | Judge |
| v. | : | |
| | : | |
| United Specialist Insurance Company, | : | |
| Defendant. | | |

## AFFIDAVIT

State of Ohio )
) SS:
County of Franklin )

I, Bryan Whittenberger, Sole Member of Hook-N-Haul, LLC. and Plaintiff in the above-captioned case, after being duly cautioned and sworn, upon personal knowledge or information, hereby avers as follows:

1. I am an adult and competent to testify as to the matters set forth in this affidavit.

2. I offer the following testimony on personal knowledge.

3. On March 19, 2021, I received a call asking the company to assist with a large hauling trailer which was on fire on Route 71, south bound, near mile marker 220, in Medina County, Ohio.

4. Myself and five (5) other employees went to the scene with the necessary equipment to deal with the hazard.

5. When we arrived at the scene, there was no truck or driver, but the fiery trailer remained.

6. We attempted to attain information needed to call the owner of the trailer, to become aware of any hazards in the trailer, but we were unable to do so.

7. The local fire department was on the scene and working to put out the flames.

8. The fire department asked us to lift out two (2) steel coils that were preventing the fire department from accessing other hot spots in the trailer.

9. We were able to lift the coils, using heavy chains and our equipment.

10. The heat compromised the chains, thus rendering them useless for future use.

11. After the fire department subsided the flames, we were asked to remove the trailer from the highway.

12. The trailer was beyond repair and unusable. Thus, we had to use a chop saw to cut the trailer into pieces and haul the pieces.

13. We had to stabilize the front end of the trailer to prevent it from falling and injuring other laborers.

14. We also had to recover pieces of the trailer which were hanging over the nearby guardrail and laying over the embankment.

15. We used a rotator to contain the contents in the trailer for transport.

16. After we lifted the trailer, we found the tops of the guardrail posts were on fire and burning.

17. We then loaded front half of trailer onto crash cart for transport. The rear section was loaded onto flatbed for transport. The trailer's front and rear section were transported to storage facility. We used a tractor and Landoll to haul Skid steer, attachments and dumpster; we used a dumpster to transport and contain all debris left after burn trailer was removed; we used skid steer and bucket to scrape ashes and melted aluminum from roadway; we used skid steer and forks to lift the balance of walls, doors, load contents.

18. We then re-loaded our equipment and broom swept the area of the scene to ensure no hazardous debris was left, cleared scene.

19. We used a service Van to escort our unit while on crash cart.

20. The remnants of the trailer are stored at our facility, which required special equipment. Thus, we could not employ that equipment for other purposes.

21. The invoice for our services, as explained above, is attached as Exhibit A. Exhibit A is a true and accurate reflection of the original and the items on that Exhibit represent a true and accurate statement of the reasonable costs incurred by Plaintiff in serving Defendant.

By signing this affidavit, I acknowledge that all the statements contained herein are true, complete, and accurate to the best of my knowledge and that the Court may rely on the truth of each of these statements. I have consulted with legal counsel about this statement and I understand that I am signing under penalty of perjury.

FURTHER AFFIANT SAYETH NOT

Date: 02/17/2023

Bryan Whittenberger, Sole Member
Hook-N-Haul, LLC

Subscribed and sworn to before me this ___17___ day of __Feb 23__

Date: __2/17/23__

Notary: Paulette Bryan

My Commission expires: __7/20/23__

PAULETTE BRYAN
NOTARY PUBLIC - OHIO
MY COMMISSION EXPIRES 07-20-23

# Exhibit A



# Invoice

**Hook-N-Haul**
9225 Stone Rd
Litchfield, OH  44253
(844) 352-6632
office@hook-n-haul.com
www.hook-n-haul.com

| BILL TO |
|---|
| United Specialty |
| Adjuster: Valorie |
| Claim#C10081 |

| INVOICE # | DATE | TOTAL DUE | DUE DATE | TERMS | ENCLOSED |
|---|---|---|---|---|---|
| 21-0107-4293 | 03/19/2021 | $313,843.33 | 04/01/2021 | Due on receipt | |

**UNIT#**
Wabash Dry Van

**VIN #**
1JJV532W78L148478

| DATE | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| 01/07/2021 | Rotator Use<br>Dispatched to trailer on fire @ 71SB MM 220 Medina, OH Arrived to scene, no truck or driver, officers left scene, loaded trailer, axles and tires caught fire. Tried to call owner of trailer to get load information/BOL to be aware of any hazards in the trailer. Fire department on scene still working on putting out all flames. Upon arrival, immediately asked by fire chief to swing boom and lift out 2 steel coils that were preventing the fire dept. from accessing other hot spots in the trailer. Used chains because of the high temps. We then considered the integrity of the chains to be compromised due to the heat. Once removed fire department continued to cool any existing hot spots. Trailer is beyond repair and had to be cut for proper transport. Used chop saw to cut trailer in half, while using rotator to support front of trailer from falling causing possible injury to laborers. Sides of trailer hanging off of guardrail and pieces of trailer laying over the embankment. Rotator used to fold sides of trailer in to contain contents in the trailer for transport. Found the tops of the guardrail posts were still on fire and burning. Unable to be seen until trailer walls were lifted. Loaded front half of trailer onto crash cart for transport. Rear section was loaded onto flatbed for transport. Trailer and rear section transported to storage facility.  Tractor and Landoll use to haul Skid steer, attachments and dumpster. Dumpster used to transport and contain all debris left after burn trailer was removed. Used skid steer and bucket to scrape ashes and melted aluminum from roadway. Used skid steer and forks to lift the balance of walls, doors, load contents. Re-load equipment. Broom swept arear to ensure no hazardous debris left. Clear scene. Service Van to escort unit while on crash cart. | 5.75 | 1,500.00 | 8,625.00T |
| 01/07/2021 | Incident Coordinator | 5.50 | 275.00 | 1,512.50T |
| 01/07/2021 | Flatbed Use | 5.75 | 300.00 | 1,725.00T |
| 01/07/2021 | Call Out Fee - Service Van | 1 | 150.00 | 150.00T |
| 01/07/2021 | Service Van Use | 7.25 | 175.00 | 1,268.75T |
| 01/07/2021 | Skid Steer, Bucket and Forks Use | 5.75 | 250.00 | 1,437.50T |
| 01/07/2021 | Dumpster Use / day | 85 | 10.00 | 850.00T |

| DATE | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| 01/07/2021 | Recovery/EPA Full Unit Use | 1 | 4,500.00 | 4,500.00T |
| 01/07/2021 | Tractor Use | 7.25 | 250.00 | 1,812.50T |
| 01/07/2021 | Landoll Use | 7.25 | 250.00 | 1,812.50T |
| 01/07/2021 | Tandem Axle Crash Cart Use | 1 | 2,400.00 | 2,400.00T |
| 01/07/2021 | Laborer Hours After Hours | 24 | 150.00 | 3,600.00T |
| 01/07/2021 | Rigging Equipment Use/Wear | 1 | 1,300.00 | 1,300.00T |
| 01/07/2021 | Lumber | 1 | 120.00 | 120.00T |
| 01/07/2021 | Personal Illumination Use | 6 | 20.00 | 120.00T |
| 01/07/2021 | Use of Communication Devices | 1 | 200.00 | 200.00T |
| 01/07/2021 | Battery Power Tool Use | 1 | 50.00 | 50.00T |
| 01/07/2021 | Chop Saw Use | 1 | 150.00 | 150.00T |
| 01/07/2021 | Abrasive Metal Wheel | 1 | 39.98 | 39.98T |
| 01/07/2021 | Pre-mixed Fuel | 1 | 22.47 | 22.47T |
| 01/07/2021 | PPE | 6 | 150.00 | 900.00T |
| 01/07/2021 | Admin Fee | 1 | 3,467.62 | 3,467.62T |
| 01/07/2021 | Labor at storage facility to clean supplies and re-stock as needed. | 5 | 115.00 | 575.00T |
| 01/07/2021 | Flatbed Truck Wash | 1 | 185.00 | 185.00T |
| 01/07/2021 | Rotator Truck Wash | 1 | 235.00 | 235.00T |
| 01/07/2021 | Tractor and Trailer Wash | 1 | 235.00 | 235.00T |
| 01/07/2021 | Storage | 112 | 100.00 | 11,200.00T |
|  | Gate Fee | 1 | 175.00 | 175.00T |
|  | Emailed photos as requested to sgoins@ttrv-appraisal.com. |  |  |  |
|  | 10% - Applied on May 8, 2021 |  |  | 5,286.13 |
|  | 10% - Applied on Jun 8, 2021 |  |  | 5,814.75 |
|  | 10% - Applied on Jul 8, 2021 |  |  | 6,396.22 |
|  | 10% - Applied on Aug 8, 2021 |  |  | 7,035.84 |
|  | 10% - Applied on Sep 8, 2021 |  |  | 7,739.43 |
|  | 10% Applied on Oct. 8, 2021 | 1 | 7,513.37 | 7,513.37 |
|  | 10% Applied on Nov. 8, 2021 | 1 | 8,264.71 | 8,264.71 |
|  | 10% Applied on Dec., 8, 2021 | 1 | 9,091.18 | 9,091.18 |
|  | 10% Applied on Jan. 8, 2022 | 1 | 10,000.30 | 10,000.30 |
|  | 10% Applied on Feb. 8, 2022 | 1 | 11,000.33 | 11,000.33 |
|  | 10% Applied March 8, 2022 | 1 | 12,100.36 | 12,100.36 |
|  | 10% Applied April 8, 2022 | 1 | 13,310.40 | 13,310.40 |
|  | 10% Applied may 8, 2022 | 1 | 14,641.44 | 14,641.44 |
|  | 10% Applied June 8, 2022 | 1 | 16,100.58 | 16,100.58 |
|  | 10% Applied July 8, 2022 | 1 | 17,715.64 | 17,715.64 |

| DATE | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
|  | 10% Applied August 8, 2022 | 1 | 19,487.20 | 19,487.20 |
|  | 10% Applied Sept. 8, 2022 | 1 | 21,435.92 | 21,435.92 |
|  | 10% Applied Oct. 8, 2022 | 1 | 23,579.51 | 23,579.51 |
|  | 10% Applied Nov. 8, 2022 | 1 | 25,937.47 | 25,937.47 |
|  | 10% Applied Dec. 8, 2022 | 1 | 28,531.21 | 28,531.21 |
| 05/01/2021 | Transport Dumpster for Debris Disposal | 1 | 300.00 | 300.00T |
| 05/01/2021 | Debris Disposal | 1 | 550.00 | 550.00T |

Thank you, we appreciate your business.
We accept ComCheck, EFS, FleetOne, Tcheck and credit cards. There is a 4% convenience fee when using a credit card. Please note $35 NSF fee for returned checks, plus late fee if applicable. 10% late fee on past due balances. Any vehicles, trailers or equipment not paid for and picked up within due date will accrue storage fees.

| | |
|---|---|
| SUBTOTAL | 320,500.81 |
| TAX (6.75%) | 3,342.52 |
| TOTAL | 323,843.33 |
| PAYMENT | 10,000.00 |
| BALANCE DUE | **$313,843.33** |